*E-FILED: April 3, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL HOLBROOK,<br><br>    Plaintiff,<br><br>v.<br><br>LONGHOUSE RESTAURANT, INC. dba LONGHOUSE RESTAURANT; HOWSON INDUSTRIES, a California limited partnership,<br><br>    Defendants. | No. C10-03560 HRL<br><br>**ORDER DENYING MOTION TO SUBSTITUTE PLAINTIFF**<br><br>[Re: Docket No. 17] |

Plaintiff Michael Holbrook filed this suit, alleging that defendants failed to provide him full and equal access to their facilities. He asserted three claims for relief—i.e. for alleged violation of (1) the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., (2) the California Disabled Persons Act, Cal. Civ. Code § 54, et seq., and (3) the Unruh Civil Rights Act, Cal. Civ. Code § 51, et seq.[1]

This court is told that Holbrook died on October 31, 2011 and that the state court has assigned his estate (including any statutory damages that may be awarded in this case) to his widow, Patricia Holbrook. Pursuant to Fed. R. Civ. P. 25, Patricia now moves for an order permitting her to proceed as plaintiff in Holbrook's place. Defendant Longhouse Restaurant,

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

Inc. opposes the motion.[2] The matter is deemed suitable for determination without oral argument, and the April 10, 2012 hearing is vacated. Civ. L.R. 7-1(b).

"If a party dies and the claim is not extinguished, the court may order substitution of the proper party." FED. R. CIV. P. 25(a). The only remedy available to Holbrook as a private litigant under the ADA is injunctive relief. See 42 U.S.C. § 12188(a). As such, there is no dispute that his death extinguished his ADA claim, the sole basis for federal jurisdiction. See Kennerly v. United States, 721 F.2d 1252, 1260 (9th Cir. 1983) (stating that plaintiff's death mooted his claims for injunctive relief). There no longer being any basis for relief under federal law, this court declines to exercise supplemental jurisdiction over Holbrook's remaining state law claims. 28 U.S.C. § 1367(c). This court does not reach Patricia's motion to substitute with respect to those claims, and those claims are dismissed without prejudice. See, e.g., Barria v. Yu, No. 08-cv-0908, 2010 WL 2653322 (S.D. Cal., July 1, 2010); Barria v. B East, LLC, No. 09cv2777, 2010 WL 2485721 (S.D. Cal., June 16, 2010).

The clerk shall close the file.

SO ORDERED.

Dated: April 3, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant Howson Industries has not filed any response to Patricia's motion.

1  5:10-cv-03560-HRL Notice has been electronically mailed to:

2  David W. Lively    dlively@hopkinscarley.com

3  Kenneth Randolph Moore    natalyn@moorelawfirm.com

4  Sara B. Allman    all-niel@comcast.net

5  Shirley Jackson    sjackson@hopkinscarley.com, pvoight@hopkinscarley.com

6  Tanya Eugene Moore    tanya@moorelawfirm.com, jessica@moorelawfirm.com, marejka@moorelawfirm.com, paralegal@moorelawfirm.com

7

8  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

3